UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|                                                      |                              |
| ---------------------------------------------------- | ---------------------------- |
| HOPE NETWORK REHABILITATION SERVICES                 | Case No. 1:10-cv-348         |
| and HERMINA FEIKEMA                                  |                              |
| as Next Friend of HERMAN FEIKEMA,                    |                              |
|                                                      |                              |
| Plaintiff,                                           |                              |
|                                                      | HONORABLE PAUL L. MALONEY    |
| v.                                                   |                              |
|                                                      |                              |
| STATE FARM MUTUAL AUTOMOBILE                         |                              |
| INSURANCE COMPANY, a Michigan corporation;           |                              |
|                                                      |                              |
| GENERAL ELECTRIC COMPANY,                            |                              |
| GENERAL ELECTRIC TRANSPORTATION, and                 |                              |
| GE LIFE, DISABILITY AND MEDICAL PLAN,                |                              |
| an ERISA-Governed Employee Benefit Plan,             |                              |
| jointly and severally,                               |                              |
|                                                      |                              |
| Defendants.[1]                                       |                              |

## OPINION and ORDER

**Granting Defendant BCBSA's Motion to Dismiss for Failure to State a Claim;
Dismissing the Complaint as to Defendant BCBSA**

This is an action to recover benefits under the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. § 1101 *et seq.* ("ERISA"). On July 5, 2007, while employed by defendants General Electric Company and/or General Electric Transportation (together "GE"),

---

[1] Because today's opinion dismisses the complaint as to BCBSA, it is no longer listed in the caption.

Herman Feikema ("Feikema") was injured in an automobile accident. *See* Complaint filed April 13, 2010 ("Comp") ¶¶ 1 and 3. Feikema stayed at Hope Network for rehabilitation services from July 27, 2007 through October 12, 2007, for which he still owes at least $35,005, *see* Comp ¶¶ 28 and 39. Feikema alleges that he had two potential sources of health coverage to pay for the expenses associated with his subsequent treatment: he had a no-fault automobile insurance policy in effect which he had purchased from State Farm Mutual Automobile Insurance Company ("State Farm"), and he was a participant in the General Electric Life, Disability and Medical Plan ("the GE Plan") as defined by 29 U.S.C. § 1002(7). *See* Comp ¶¶ 17-18 and 20. Feikema submitted his claim to State Farm for payment pursuant to the Michigan No-Fault Act, Mich. Comp. Laws § 500.3142, but State Farm refused to pay, asserting a belief that the GE Plan may have primary liability for his medical expenses, *see* Comp ¶¶ 21-22. By letter dated August 16, 2007, State Farm told Hope Network the following with regard to Feikema's claims:

> Our insured has a policy with coordinated benefits. The health insurer [the GE Plan] is the primary insurer. Please submit your bill to the health insurer first.
>
> When you receive the health insurer's explanation of payment, please send it to us with your itemized bill. Once we receive this information, we will be able to consider your outstanding balance.
>
> Please be aware [of aspects of the Michigan No-Fault statute].

Comp Ex D.

Feikema and Hope Rehab submitted GE Plan documents to State Farm which showed that the Plan expressly excluded coverage for expenses to be paid or reimbursed by no-fault automobile insurance, but State Farm continued to refuse to pay, saying that it needed more Plan documents to confirm that it rather than State Farm is primary, *see* Comp ¶¶ 23-24.

Feikema and Hope allege that they have "tried for many months" to obtain appropriate GE

Plan documents but have been unsuccessful, Comp ¶ 26. Specifically, on October 29, 2007, Feikema sent a letter to Smith Aerospace's Human Resources Director in Kentwood, Michigan by paper mail, stating as follows:

> This is a request for a copy of the Smith Aerospace / GE Health Care Preferred Health Benefits Plan Summary Plan Description, health policy and/or contract and any applicable Riders. I need a copy to assess what coverages I am entitled to under the health policy or contract.
>
> Please send the documents to: [counsel's name and address]
>
> I have enclosed a HIPAA[-]compliant authorization for you to forward the documents to [counsel].
>
> Thank you for your prompt attention to this request.

Comp Ex A at unnumbered page 1. The accompanying BCBSA-letterhead form, entitled "Authorization for Disclosure of Protected Health Information" and signed and dated by Feikema, stated that Feikema's authorization lasted until December 31, 2008, *see* Comp Ex A at unnumbered 2. Feikema's counsel then took over trying to obtain GE Plan documents. As Feikema's counsel explained in a January 5, 2010 letter faxed to GE's Pension Benefits Inquiry Center:

> By letter dated December 2, 2009, I requested the Summary Plan Description and other Health Benefit Plan information for Hermann C[]. Feikema for the period of June 1, 2007 through July 31, 2008. Attached to the December 2, 2009 letter was a Mr. Feikema[-]signed and notarized authorizaion for the Use & Disclosure of Protected Health Information.
>
> In a follow-up telephone call to the Pension Benefits Inquiry Center, I was informed by Collette that I had directed my request to the wrong department and that I needed to contact GE Insurance Continuation. I spoke with Susan Shea (who was very helpful) and was informed that GE Insurance Continuation did not start handling Mr. Feikema's file until August 1, 2008. This is after the period I am requesting.
>
> By letter dated December 21, 2009, I was informed that the GE Pension Benefits Inquiry Center did not handle Mr. Feikema's benefits and that I needed to contact GE Princeton Corporate Center.

> On January 5, 2010, I called the GE Pension Benefits Inquiry Center and spoke with Karen C. Karen informed me that GE Princeton Corporate Center and GE Insurance Continuation are the same entity. Karen also informed me that there was no authorization on file authorizing the release of the information to me or my law firm. I have once again the Authorization for the Use & Disclosure of Protected Health Information signed by Mr. Feikema that specifically authorizes the release of the subject information [counsel's law firm].
>
> Therefore, I once again am requesting a complete copy of any and all Health Benefits Plans or Health Contracts, Summary Plan Descriptions and/or contracts, any applicable Riders, and any other official plan documents relating to Hermann Feikema in **effect from June 1, 2007 through July 31, 2008.** As previously discussed, we need copies of these documents to resolve a disputer with the above-named insured's no-fault auto insurance carrier for that same time period.
>
> I ask that you send the documents as quickly as possible to: [counsel's name and address]
>
> Thank you for your prompt attention to this request.

Comp Ex A at unnumbered pages 5-6 (some paragraph breaks added, boldface in original). On January 22, 2010, Feikema's counsel faxed another letter to GE's Pension Benefits Inquiry Center, stating as follows:

> By letter dated December 5, 2010, we requested the Summary Plan Description and other Health Benefit Plan information for Hermann C. Feikema for the period of June 1, 2007 through July 31, 2008. Attached to that letter was a Mr. Feikema[-]signed and notarized Authorization for the Use & Disclosure of Protected Health Information. We are in receipt of documents that are somewhat responsive to our request. We received pages 35-95 of a document [en]titled Medical Care Options (with a handwritten note on the first pages saying "effective January 1, 2004 - December 31, 2007) and a document titled Your Benefits Handbook effective January 1, 2008. Thank you for providing these documents. However, we are still in need of further documentation.
>
> As we have explained previously, we are involved in a lawsuit against State Farm Mutual Automobile Insurance Company ("State Farm") for No-Fault insurance benefits owed for medical services provided to Mr. Feikema. State Farm is contesting payment, arguing [that] the BlueCross BlueShield of Alabama ("BCBS") [sic] is the primary insurer responsible for Mr. Feikema'[s] medical needs. We initially contacted Freda Thrift of BCBS's Subrogation Department, with Ms. Thrift directing us to contact the Plan Administrator at General Electric.

-4-

> We have received some helpful documentation, but are in need of further documentation to convince State Farm that it is the primary insurer over BCBS. What we are attempting to learn is if Mr. Feikema's BCBS policy was secondary to a No-Fault insurer for accident[-]related injuries and if the BCBS policy is a self-funded ERISA plan. Additionally, we need this information for the time period of June 1, 2007 through July 31, 2008.
>
> We are hoping this information is contained in the additional pages of the Medical Care Options document that were not sent. Additionally, maybe you know the answers to our questions and can supply the appropriate documentation that we can forward to State Farm. Specifically, we need to document that Mr. Feikema's BCBS insurance policy [sic, should be "the GE Plan"] is secondary to a No-Fault insurer for accident[-]related injuries. We also need documentation that BCBS is a self-funded ERISA plan.
>
> We have again attached Mr. Feikema's signed and notarized Authorization for the Use & Disclosure of Protected Health Information. Any information or documentation you can provided [sic] would be extremely helpful and very much appreciated. We ask that you send the documents as quickly as possible to: [counsel's name and address]
>
> Thank you for your prompt attention to this request.

Comp Ex A at unnumbered pp. 8-9. On April 8, 2010, Feikema's counsel faxed this same January 22, 2010 letter, and the attached Authorization form, to "Emerald c/o GE Benefits Plan Administrator" at (709) 757-1844, *see* Comp Ex A at unnumbered pp. 11-16.

The portion of the GE Benefits Handbook (effective January 1, 2004) which was sent to Feikema states as follows, in pertinent part:

> 3.4     What's Not Covered
>
> As with all medical plans, some services and supplies are not covered by GE Health C[are] Preferred or GE Medical Benefits. *Expenses not covered include:*
> * * *
> • *Expenses eligible to be paid or reimbursed in some other way, such as by a[cut off] Company-provided plan or by:*
>
>   – Medicare (subject to maintenance of benefits);
>
>   – Legal action or settlement from a third party. . . .;

- Workers' Compensation;

- Another employer's group medical plan (subject to maintenance of be[nefits;]

- Any federal, state or local government plan or program of any country . . . Medicaid); or

- *No-fault automobile insurance;*
            * * *

Comp Ex E at unnumbered page 3 (italics added). (The right side of the Handbook page has been cut-off, presumably by an error while copying – either by BCBSA or the GE Plan, or by Feikema's counsel. Consequently, the court cannot see a portion of many lines of text on that page.)

Hope and the Feikemas instituted this action in April 2010, seeking a declaratory judgment and damages, and all defendants were served in July and August 2010. Count one asserts an ERISA claim seeking to compel GE, the GE Plan and/or benefits' administrator BCBSA to provide the 2007 Plan documents and information needed. Namely, count one seeks Plan documents showing whether the Plan is self-funded or insured and whether the Plan covers the rehabilitation services at issue, *see* Comp ¶ 30a-b. Count two seeks any one of the following three declarations from the court:

(1) a declaration that because Hope Network did not participate with BCBSA and did not have a "participating provider number" as required to submit a claim to BCBSA, *see* Comp ¶¶ 37-38, it would have been futile for Hope to attempt to submit claims to BCBSA, i.e., this action cannot be dismissed for failure to exhaust administrative remedies, *see* Comp ¶ 41a; or

(2) a declaration that Hope Network be allowed to present its claims for BCBSA's review and retroactive determination of whether or not any of the provided services would have been eligible for payment under the GE Plan, and that BCBSA or the Plan must either pay the claims or issue a written denial, *see* Comp ¶ 41b; or

(3) a declaration that the services Hope provided to Feikema are excluded from coverage under the GE Plan and are therefore covered under State Farm's no-fault automobile insurance policy, *see* Comp ¶ 41c.

In count three, Hope Network and the Feikemas assert a claim against State Farm alone, under the Michigan No-Fault automobile insurance statute. They seek payment of the claims under the State Farm policy, penalty interest pursuant to MICH. COMP. LAWS § 500.3142, and attorneys fees pursuant to MICH. COMP. LAWS § 500.3148, *see* Comp ¶¶ 42-49c.

In August 2010, defendants GE and GE Plan jointly filed an answer and affirmative defenses (Doc 17), as did State Farm (Doc 9). Defendant BCBSA filed a FED. R. CIV. P. 12(b)(6) motion to dismiss for failure to state a claim on which relief can be granted (Docs 12 and 14) on August 10-11, Hope filed an opposition brief on August 25 (Doc 20), and BCBSA filed a reply brief in support of dismissal on September 7, 2010 (Doc 22). For the reasons that follow, the court will grant BCBSA's motion and dismiss it from the case.

**LEGAL STANDARD:**
**RULE 12(B)(6) MOTION TO DISMISS**

This court assesses a Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief can be granted under the same standard as a Rule 12(c) motion for judgment on the pleadings. *Griffin v. Reznick*, 2008 WL 4741738, *2 (W.D. Mich. Oct. 28, 2008) (Maloney, C.J.) (citing, *inter alia*, *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007)). A Rule 12(c) motion is simply one permissible avenue for contending that the complaint should be dismissed because it fails to state a claim on which relief can be granted. *See Griffin*, 2008 WL 4741738 at *2 (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 507 (2006) ("a defense of failure to state a claim upon which can be granted . . . may be made in any pleading . . . or by motion for judgment on the pleadings, or at the

trial . . . .") (quoting FED. R. CIV. P. 12(h)(6))).

Such motions turn on legal issues, not an assessment of the evidence. *Griffin*, 2008 WL 4741738 at *2 (citing *Technology Recycling Corp. v. City of Taylor*, 186 F. App'x 624, 640 n.5 (6th Cir. 2006) (Griffin, J.) and *Thomas v. Arn*, 474 U.S. 140, 150 n.8 (1985) ("[M]otions for judgment on the pleadings and dismissal for failure to state a claim on which relief can be granted . . . consist exclusively of issues of law.")); *accord Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010) ("'The court's function on a 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the . . . complaint alone is legally sufficient to state a claim for which relief may granted.'") (citation omitted).

Rule 12(b)(6) and 12(c) "motions 'presume as a legal matter the lack of any need for an evidentiary hearing . . . .'" *Griffin*, 2008 WL 4741738 at *3 (citing *US v. Raddatz*, 447 U.S. 667, 693-94 (1980)). The court must accept all of the complaint's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Tech Rec*, 186 F. App'x at 640 n.5 (citing *PONI, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005)). But the court need not draw unwarranted factual inferences or accept the plaintiff's *legal* conclusions. *Bohanan*, 260 F. App'x at 906 (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

And each claim's factual allegations must *plausibly* suggest a viable claim; the claim must be plausible, not merely conceivable. *Griffin*, 2008 WL 4741738 at *3 (citing *NicSand, Inc. v. 3M Co.*, 507 F.3d 442, 455 (6th Cir. 2007) (en banc) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). "The 'factual allegations must be enough to raise a right to relief above the speculative level'", not merely create a "'*suspicion* of a legally cognizable cause of action . . . .'" *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (quoting *Twombley*, 550 U.S. at 570)

(internal alterations omitted)). There must be either direct or inferential allegations regarding all the material elements of each claim. *LULAC v. Bredesen*, 500 F.2d 523, 527 (6th Cir. 2007) (McKeague, J.) (citing *Twombley*, 550 U.S. at 562); *see also City of Cleveland v. Ameriquest Mortg. Securities, Inc.*, No. 09-3608, – F.3d –, 2010 WL 2901049, *4 (6th Cir. July 27, 2010) (Suhrheinrich, McKeague, Griffin) (citing *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007)).

Our Circuit cautions that district courts should not overstate the hurdle that *Twombley* establishes for plaintiffs to survive a Rule 12(b)(6) or Rule 12(c) motion:

> In *Erickson v. Pardus*, 550 U.S. [89], 127 S.Ct. 2197 . . . (2007) [(p.c.)], decided two weeks after *Twombley*, however, the Supreme Court affirmed that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* at 2200 (quoting *Twombley*, 127 S.Ct. at 1964).
>
> The opinion in *Erickson* reiterated that "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Id.* (citing *Twombley*, 127 S.Ct. at 1965). We read the *Twombley* and *Erickson* decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12.

*Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 550 (6th Cir. 2008) (Griffin, J.) (quoting *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295-96 (6th Cir. 2008) (footnote omitted)) (other internal quotation marks and alterations omitted, ¶ break added)). Nonetheless, "[w]hile a complaint need not contain detailed allegations, [it] must include more than mere labels and conclusions." *Petros v. Sampson*, 2009 WL 2761425, *2 (W.D. Mich. Feb. 4, 2009) (Edgar, J.) (citing, *inter alia*, *Twombley*, 550 U.S. at 555, 127 S.Ct. at 1965) ("[A] formulaic recitation of the elements of a cause of action will not do . . . .") (citation omitted)).

Ultimately, "''a claim has facial plausibility when the party seeking relief 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *US v. Washington State DOT*, 665 F. Supp.2d 1233, 1237 (W.D. Wash. Sept. 15, 2009) (quoting *Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937, 1949 (2009)), *recon. denied*, 2009 WL 3413638 (W.D. Wash. Oct. 22, 2008).

When considering whether to grant a Rule 12(c) or 12(b)(6) motion, the court primarily considers the complaint's allegations, but may also take into account items appearing in the record and attached exhibits. *Poly-Flex Const., Inc. v. NTH, Ltd.*, 582 F. Supp. 892, 901 (W.D. Mich. 2008) (Maloney, C.J.) (citing, *inter alia*, *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001)). The court may also consider, without converting the 12(b)(6) motion into a motion for summary judgment, "matters of which a court may take judicial notice." *Bowers v. Wynne*, No. 09-3566, – F.3d –, 2010 WL 2869517, *14 (6th Cir. July 21, 2010) (Rogers, J., concurring in the result) (citing, *inter alia*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Proper subjects for judicial notice include "matters of public record (e.g. pleadings, orders and other papers on file in another action pending in the court; records or reports of administrative bodies; or the legislative history of laws, rules or ordinances) as long as the facts noticed are not subject to reasonable dispute." *Pakootas v. Teck Cominco Metals, Ltd.*, 632 F. Supp.2d 1029, 1032 (E.D. Wash. 2009) (citing *Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007)); *accord River Village West, LLC v. Peoples Gas Light & Coke Co.*, 618 F. Supp.2d 847, 850 (N.D. Ill. 2008) (on Rule 12(c) or 12(b)(6) motion, "the court may take judicial notice on matters of public record") (citing *US v. Wood*, 925 F.2d 1580, 1581-82 (7th Cir. 1981)).

**DISCUSSION:**

**ERISA CLAIMS AGAINST BENEFIT ADMINISTRATOR**

It is undisputed that defendant BCBSA is merely the third-party benefits' administrator, not the Plan Administrator, for the GE Plan. Without contradiction from the plaintiffs, BCBSA submits an excerpt from a GE employee handbook which provides as follows:

12.2 Additional Administrative Facts as of January 1, 2001

GE Life, Disability and Medical Plan

- The plan includes components, known as:
  - GE Medical Care Options
    - GE Health Care Preferred
    - GE Medical Benefits
        * * *
  - GE Short-Term Disability
        * * *
- Plan number - 502.
        * * *

GE Health Care Preferred
        * * *

- **GE Benefits' administrators** – The GE Health Care Preferred benefits' administrators are listed in section 12.3, "GE Health Care Preferred Benefits Administrators" on page 433.
        * * *

*GE Medical Benefits:*
        * * *

- *Benefits' administrators.* – *The benefits' administrators (for the regions and services noted) are:*

  - For prescription drugs, in all regions: * * *

  - For mental health and substance abuse care, in all regions: * * *

  - *For* Alabama, New York, Arkansas, Massachusetts, California, Indiana, Illinois (not Chicago), Iowa, Kentucky, *Michigan*, Virginia:
    *Blue Cross and Blue Shield of Alabama*
    450 Riverchase Parkway East
    Birmingham, AL 35298
        * * *

MTD Ex A at 3-4 (handbook pages 429-30) (italics added). The "Key Terms" section of the same

GE employee handbook defines "benefits administrator" as "[a]n insurance company, or other company, that has been designated by the Company to pay claims and/or administer a benefit plan on the Company's behalf." MTD Ex A at 5 (handbook page 435) (also defining "Company" as "General Electric Company and its affiliates that participate in the applicable GE benefit plan). The handbook defines "plan administrator" simply as "General Electric Company", MTD Ex A at 7 (handbook page 437)

It is also not subject to genuine dispute that requests for copies of plan documents or SPDs must be directed to offices within GE, not to BCBSA. Without contradiction from the plaintiffs, BCBSA submits an excerpt from a GE Handbook which provides as follows:

> 12. Plan Basics
>
> * * *
>
> 12.1.2
> Who is the Plan Administrator?
>
> The plan administrator has authority to control and manage the operation and administration of each of the plans described in this handbook and is the agent for service of legal process. The plan administrator for the plans described in this handbook, except as otherwise noted, is:
>
> > General Electric Company
> > [address and telephone number]
>
> Legal process also may be served on any trustee responsible for the administration of any applicable trust.
>
> 12.1.3
> How can I access official plan documents?
>
> * * * Copies of the official plan documents, as well as the latest annual reports of plan operations and summary plan descriptions of the plans, are available for your review during normal working hours at your local human resources office or at:
>
> > GE Corporate Human Resources
> > [address in Fairfield, Connecticut]
>
> * * *

> To request a copy of a particular plan document, write or call:
>
> > GE Corporate Benefits Delivery
> > [address in Schenectady, New York, and telephone numbers]
>
> (Be sure to specify the plan for which you want plan document(s) – for example, the GE A Plus Life Insurance Plan.)
>
> To request a copy of a collective bargaining agreement that provides for benefits summarized in this handbook, write or call:
>
> > GE Corporate Human Resources
> > [address in Fairfield, Connecticut, and telephone number]

MTD Ex A at 1-2 (handbook pages numbered 420-21 and bearing the footer "Administrative Information").

ERISA imposes a duty to honor an ERISA plan beneficiary or participant's written request for copies of the latest SPD, plan description, annual report, CBA, contract or any other instrument under which the plan is established or operated, *see* 29 U.S.C. § 1024(b)(4), and the penalty for failing to honor such a request within thirty days is a fine of $110 per day and other relief in the court's discretion, *see* 29 U.S.C. § 1132(c). These provisions, however, apply only to the "plan administrator", which ERISA defines as "the person specifically so designated by the terms of the instrument under which the plan is operated, 29 U.S.C. § 1002(16)(A).

**As noted above, BCBSA is designated in writing as the benefits' administrator, not the plan administrator, so the ERISA section 1024(b)(4) obligation to furnish Plan documents and the corresponding section 1132(c) penalty for failing to do so, do not apply to BCBSA.** *See Gore v. El Paso Energy Corp. LTD Plan*, 477 F.3d 833, 843 (6th Cir. 2007) (plan manager/adjudicator not liable because it was not the plan administrator); *Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 584 (6th Cir. 2002) ("[W]e have held that an insurance company, which is not a

plan administrator, cannot be liable for statutory damages for failure to comply with an information request. * * * Consequently, even if [ERISA participant] could show that UNUM failed to respond to written requests for a summary plan description, UNUM would not be liable for statutory damages under § 1132(c).") (citing, *inter alia*, *VanderKlok v. Provident Life & Acc. Ins. Co.*, 956 F.2d 610, 618 (6th Cir. 1992) (insurance company, which was not the plan administrator, could not be held liable for failure to provide Plan documents) (citing *Hiney Printing Co. v. Brantner*, 243 F.3d 956, 960 (6th Cir. 2001))); *Cortez v. Prudential Ins. Co.*, 2008 WL 4372638, *3-4 (W.D. Mich. Sept. 19, 2008) (claims administrators cannot be held liable for failure to provide plan documents). *Accord Mondry v. Am. Family Mut. Ins. Co.*, 557 F.3d 781, 794 (7th Cir. 2009) ("[T]his court and others have held that liability under section 1132(c)(1) is confined to the plan administrator and have rejected the contention that other parties, including claims administrators, can be held liable for the failure to supply participants with the plan documents they seek.") (citing, *inter alia*, *Ross v. Rail Car Am. Group Disability Income Plan*, 285 F.3d 735, 743-44 (8th Cir. 2002) and *McKinsey v. Sentry Ins.*, 986 F.2d 401, 403-05 (10th Cir. 1993)), *reh'g & reh'g en banc denied* (6th Cir. Apr. 2, 2009), *cert. denied*, – U.S. –, 130 S.Ct. 200 (2009). Thus, the plaintiffs' claim for compelled production of Plan documents and information (count one) fails to state a claim against BCBSA on which relief could be granted.

**Likewise, as the mere benefits' administrator and not the plan administrator, BCBSA is not a proper defendant to a claim to recover ERISA benefits.** *See Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988) ("Unless [a party] is shown to control administration of a plan, it is not a proper party defendant in an action concerning benefits.") (citing *Boyer v. J.A. Majors Co. Employee Profit-Sharing Plan*, 481 F. Supp. 454, 457-58 (N.D. Ga. 1979) and discussing *Barrett*

*v. Thorofare Markets*, 452 F. Supp. 880, 884 (W.D. Pa. 1978)). *See, e.g., Starling v. Starling*, 2009 WL 3628014, *5 (E.D. Mich. Oct. 30, 2009) (Borman, J.) ("[A]ny claim for benefits asserted against Lucy is not cognizable. * * * Debra does not argue that Lucy in any way controls the administration of the plan. Therefore, she is not a proper defendant herein.") (citing *Daniel*, 839 F.2d at 266, and *Little v. UNUMProvident Corp.*, 196 F. Supp.2d 659, 672 (S.D. Ohio 2002) (Graham, J.)).

The plaintiffs proffer no Sixth Circuit precedent undermining any of the above analysis. Rather, they begin their response brief by stating merely

> If it is true that BCBSA is merely a third party administrator for the Plan applicable to Mr. Feikema and is not also the plan administrator, then Plaintiffs will rely on the discretion of this Court relative to its decision to grant BCBSA's motion for dismissal from this action.

P's Opp at 5. The entirety of the plaintiffs' substantive "argument" opposing dismissal of BCBSA reads as follows:

> Initially, Plaintiffs did not know that BCBSA was not simply providing the health insurance for a GE employer group. Plaintiffs believed that BCBSA was the insurer for the Plan. Certain ERISA plans are self funded while others purchase insurance. While it appears that the GE medical plans at issue in this dispute are funded by an insurance trust, it is not obvious that the GE Insurance Plan Trust is indeed wholly self funded. Accordingly, even if BCBSA is a third[-]party administrator it may also be administering a purchased plan of insurance or a combination of the two. While Plaintiffs believe that they now have all of the relevant documents they need to determine BCBSA's status relative to the plans they are administering or may be insuring, State Farm is not convinced.

P's Opp at 5. The plaintiffs themselves concede that they have all the documents they need to determine BCBSA's "status relative to the plans they are administering or may be insuring," yet, oddly, they fail to state their conclusion about BCBSA's status and role. The plaintiffs fail to contradict, let alone present admissible *evidence* contradicting, BCBSA's documented defense that it was only the benefits' administrator and not the plan administrator, of the Plan in which Feikema

participated. Whether State Farm is "convinced" of BCBSA's status and role has no bearing on the plaintiff's failure to meaningfully oppose BCBSA's argument and evidence on the issue.

The plaintiffs' response brief proceeds to set forth what it believes are the case law and reasoning governing the determination of whether Feikema's rehabilitation expenses are covered by no-fault auto insurer State Farm alone, by the GE Plan alone, or by some combination of the two. The plaintiffs write as follows,

> The distinction regarding a self-funded plan versus an insured plan is important in the Michigan no-fault context. In a nutshell, Michigan no-fault insurers offer auto no-fault policies at reduced premiums to persons who have health insurance. When this occurs, the auto policy is considered to be "coordinated" with the health coverage and under Michigan no-fault jurisprudence the health plan pays first or primary and the no-fault insurer pays excess or secondary. [citing no authority]
>
> If an injured claimant has both coordinated health insurance and coordinated no-fault insurance, by law in Michigan the health plan generally pays first. [citing no authority]
>
> The rules are different when the health insurance is a self-funded ERISA[-]governed employer[-]sponsored health plan. If the self-funded ERISA plan contains an unambiguous coordination clause, federal law preempts Michigan no-fault law and the state no-fault plan will be primary even if it was purchased on a coordinated basis. *Auto Owners Insurance company v[,] Thorn Apple Valley, Inc.*, *supra*, 31 F3d at 374:
>
>> For the reasons outlined below, we conclude that when a traditional insurance policy and a qualified ERISA plan contain conflicting coordination of benefits clauses, the terms of the ERISA plan, including its COB clause, must be given full effect.
>
> [discussing Minnesota district-court case] Plaintiffs seek a declaration that the same rule applies in this case. If this can be done without Blue Cross Blue Shield of Alabama's participation in this case, then Plaintiffs defer to the wisdom of the Court on this issue.
>
> Finally, Plaintiffs did not have any idea initially that BCBSA was not an insurer for Mr. Feikema. BCBSA supplied some documents, forwarded subrogation requests and their own authorizations for documents despite Plaintiffs['] direct requests for documents from Smith Aerospace and GE. **Exhibit E.** Initially, Plaintiffs had no

idea that BCBSA was not the insurer.

P's Opp at 5-7. But none of this provides any basis for a document-provision claim or benefit-payment claim against BCBSA, which the record shows to be only the benefits' administrator and not the plan administrator. And contrary to the plaintiffs' request for more discovery before a ruling on the instant motion, they identify no reason to believe that additional discovery will do anything to undermine the clear, undisputed fact that BCBSA was not the plan administrator.

## ORDER

Defendant Blue Cross and Blue Shield of Alabama's motion to dismiss the complaint for failure to state a claim on which relief can be granted **[document #12] is GRANTED**.

The complaint is **DISMISSED as to defendant Blue Cross and Blue Shield of Alabama**.[2]

---

[2]

Plaintiffs conclude by explaining what relief they will seek after the court dismisses BCBSA:

> State Farm is not satisfied that it has all of the applicable Plan documents it needs to determine the priority of coverage issue which necessitated this suit. Should this Court grant BCBSA's motion to dismiss, Plaintiffs hope that GE can produce – in short order – any additional documentation there may be that will answer the questions once and for all regarding the coordination status of its coverage. And if there is no other documentation, the[n] State Farm needs to be told that there is no more.
>
> Plaintiffs need to know if the ERISA coordination clauses preempt the State Farm coordination clauses. If they do then State Farm needs to pay the balances owed to Hope on a primary basis.
>
> In the alternative, if it is determined that the Plan is primary, then Mr. Feikema and Hope seek a declaration regarding whether or not the services provided to Mr. Feikema services [sic] are covered benefits under the Plan. If they are not , then State Farm as the secondary insurer must provide the coverage.

P's Opp at 7-8 (paragraph breaks added).

The complaint survives against four defendants: State Farm Mutual Automobile Insurance Company, General Electric Company, General Electric Transportation, and the GE Life, Disability and Medical Plan. Accordingly, this is <u>not</u> a final and immediately-appealable order.[3]

**IT IS SO ORDERED** on this  22nd  day of September 2010.

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

---

[3] When this Rule 12(b)(6) dismissal of the claims against BCBSA becomes appealable, it will be reviewed *de novo*. *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (Richard Allen Griffin, J.) (citation omitted).